UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-CV-22957-KING

CODA ROOFING, INC.,

    Plaintiff/Counterclaim
    Defendant,

v.

GEMINI INSURANCE COMPANY,

    Defendant/Counterclaim
    Plaintiff.
_____/

## ORDER DENYING RECONSIDERATION OF SUMMARY JUDGMENT ON PLAINTIFF'S BEHALF

THIS CAUSE is before the Court upon Defendant Gemini Insurance Company's Motion for Reconsideration (DE #63), filed October 15, 2010. Therein, Defendant requests reconsideration of this Court's grant of summary judgment to Plaintiff. For the following reasons, this Court finds reconsideration inappropriate.

### I.    Procedural Background

The relevant facts were detailed at length in the Court's earlier Order (DE #61). As noted in that Order, the above-styled matter involves the attempted reformation of an insurance contract to exclude coverage. Specifically, Plaintiff filed suit in state court against Defendant, stating three bases for relief: breach of contract, declaratory judgment, and supplemental relief.

At their core, each of Plaintiff's claims is derived from an insurance policy entered into by Plaintiff, a roofing company, and Defendant, an insurance company.

Plaintiff purchased a comprehensive commercial liability insurance policy from Defendant on December 7, 2007. The agreement of the parties is set forth in the policy of insurance issued by Defendant Gemini Insurance Company, which specified the coverage provided by Defendant.

Ten months after the insurance policy was issued by Defendant and within the one-year coverage period, on September 20, 2008, Plaintiff performed commercial roofing work for a building located in Miami-Dade County. During the performance of that work, Plaintiff's employees were applying modified bitumen roofing material with the use of a torch. When one of Plaintiff's employees applied the torch to the plywood on the rooftop, it caught fire. Substantial damage was done to the building.

The building's occupants submitted claims for the damage to Coda Roofing, Inc. In turn, Plaintiff submitted those claims to its insurer, Defendant Gemini. Defendant Gemini Insurance Company denied those claims, asserting that it had intended to include a "torch down roofing exclusion" in the insurance contract with Coda Roofing, and if it had been included, Defendant Gemini would have been relieved of any liability. The insurance policy, however, contained no provision relating to a "torch down roofing exclusion." Defendant claims that the "torch down roofing exclusion" was omitted from the insurance policy because of clerical error.

The parties filed motions for cross summary judgment (DE #40, 44) and, as required by the Local Rules for the Southern District of Florida, submitted Statements of Undisputed Facts (DE #42, 45). Upon consideration of the motions, evidence and argument, this Court found that reformation of the insurance contract to include a torch-

down exclusion violated Florida law. Defendant now moves this Court for reconsideration of that determination.

II. Standard for Reconsideration

As an initial matter, the Court addresses the applicable standard for a Motion for Reconsideration. "[T]here are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Ass'n for Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 477 (S.D. Fla. 2002). The Court notes that "[a] motion for reconsideration should not be used as a vehicle to present authorities available at the time of the first decision or to reiterate arguments previously made." *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992). *See also King v. Farris*, 2009 U.S. App. LEXIS 27604, *3 (11th Cir. Dec. 16, 2009) ("[A] motion that merely republishes the reasons that had failed to convince the tribunal in the first place gives the tribunal no reason to change its mind." (internal quotations and citations omitted)).

Defendant here states that reconsideration is appropriate under the third ground: the need to correct clear error or prevent manifest injustice. According to Defendant, the Court erred by finding that there is no evidence to support Defendant's reformation claim.[1]

---

[1] Defendant also addressed "other less serious errors in the Court's Order," (DE #63 at 11) but as none of these supposed errors are dispositive, the Court need not address them.

3

III.   Discussion

To determine whether there was clear error or manifest injustice in the Court's earlier Order, the Court must, of course, consider Florida law as it pertains to reformation. The Eleventh Circuit's statement on this issue is as follows:

> In Florida, there is a "strong presumption arising from [an insurance] policy that it correctly expresses the intention of the parties." *Niagara Fire Ins. Co. v. Allied Elec. Co.,* 319 So.2d 594, 595 (Fla.3d DCA). With this presumption against reformation, it is not surprising that Florida courts require that parties seeking to reform a contract demonstrate not by a mere preponderance of the evidence, but rather by clear and convincing evidence, that the policy did not accurately reflect the parties' agreement. *Id. Accord Continental Casualty Co. v. City of Ocala,* 99 Fla. 851, 127 So. 894 (1930). Like most courts, Florida courts have sharply delimited a narrow range of circumstances that will support reformation: fraud, inequitable conduct, accident, inadvertence, and mutual mistake. *See, e.g., Matter of 6804 East, Inc.,* 42 B.R. 903, 906 (Bankr. M.D.Fla.1984); *Camichos v. Diana Stores Corp.,* 157 Fla. 349, 25 So.2d 864, 869 (1946).

*Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non-Marine Ass'n*, 8 F.3d 760, 765-66 (11th Cir. 1993) (citing state of Florida law as it pertains to reformation of contracts). Defendant argues that there was a mutual mistake in omitting the torch-down exclusion from the insurance policy. As such, in order to prevail upon its reformation claim, Defendant must demonstrate by clear and convincing evidence that the policy did not reflect either of the parties' intent.

Notwithstanding Defendant's argument to the contrary, Defendant can make no such showing. Defendant takes issue with the Court's characterization of the evidence. Namely, Defendant alleges that it gave notice of its intention to include a torch-down exclusion provision in the insurance policy. (DE #63 at 2-4). In support, Defendant, as before, points out an affidavit provided by an underwriter, Ms. Pat Maruszak, employed by Vela Insurance Services, which was Defendant's exclusive underwriting manager. According to Ms. Maruszak, the quote she prepared specified the torch-down exclusion,

4

as well as three other endorsements. Defendant further argues that this quote, in its entirety, was sent through a wholesale broker, Atlantic Risk Services, to Dawn Ritter at National Risk. *Id.* Defendant claims that this evidence indicates that National Risk ultimately received notice of the torch-down exclusion. Because Ms. Ritter stated in sworn deposition testimony that she passed on whatever she "… had received to Plaintiff …," Defendant argues that Plaintiff had notice of the torch-down exclusion. Plaintiff, of course, disputes Defendant's conclusion.[2]

Defendant overlooks Florida's requirement that reformation is only appropriate where there is clear and convincing evidence that the terms agreed to by the parties were "precise, explicit, lacking in confusion, about the matter in issue." Even if this Court were to assume that Defendant's statement of facts is accurate, there is no possibility that such a showing would amount to a "precise, explicit" agreement between Defendant and Plaintiff. Instead, the only agreement entered into by the parties is the one that was ultimately signed by the parties. Defendant's tenuous chain of disputed communications between its agent and Plaintiff's agent is insufficient to satisfy the "clear and convincing" evidence standard required by Florida courts in matters relating to contract reformation.

As such, there was no clear error in the Court's earlier Order. Therefore, the Court denies Defendant's Motion for Reconsideration.

---

[2] According to Plaintiff, there is "substantial dispute on the question of what made up that original quote communication from [Defendant] to [Plaintiff]." (DE #64 at 6). Plaintiff notes that the insurance quote sent to Ms. Ritter contained no coverage or endorsement forms according to Ms. Ritter's deposition testimony, and that Ms. Ritter has no recollection of whether any torch-down exclusion was included in that quote. If there had been such an inclusion, Ms. Ritter testified that she would have made further inquiry. (DE #64 at 6). That Ms. Ritter made no such inquiry, Plaintiff argues, indicates that there was no torch-down exclusion noted in the quote.

5

## IV. Conclusion

Accordingly, after careful consideration and the Court being otherwise fully advised, it is **ORDERED, ADJUDGED,** and **DECREED** that Defendant's Motion for Reconsideration (DE #63) be, and the same is, hereby **DENIED**.

**DONE AND ORDERED** in Chambers, at Miami, Miami-Dade County, Florida, this 10th day of November, 2010.

_____
HONORABLE JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:
**Counsel for Plaintiff/Counter Defendant**
**Robert Nelson Pelier**
1431 Ponce de Leon Boulevard
Coral Gables, FL 33134
305-529-9199
Fax: 529-9290
Email: rpelier@pelierlaw.com

**G. Bartram Billbrough**
Billbrough & Marks
100 Almeria Avenue
Suite 320
Coral Gables, FL 33134
305-442-2701
Fax: 442-2801
Email: BBillbrough@attyfla.com

**Counsel for Defendant/Counter-Plaintiff**
**Bradley Steven Fischer**
Lewis Brisbois Bisgaard & Smith
200 Las Olas Circle
200 SW 1st Avenue - Suite 910
Fort Lauderdale, FL 33301
954-728-1280
Fax: 945-728-1282

Email: fischer@lbbslaw.com

**George J. Manos**
Lewis Brisbois Brisgaard & Smith LLP
550 W Adams Street, Suite 300
Chicago, IL 60661
312-345-1718
Fax: 312-345-1778
Email: gmanos@lbbslaw.com

**Jeffrey A. Goldwater**
Lewis Brisbois Brisgaard & Smith LLP
550 W Adams Street
Suite 300
Chicago, IL 60661
312-345-1718
Fax: 312-345-1778
Email: jgoldwater@lbbslaw.com

**Mark A. Kirsch**
Lewis Brisbois Bisgaard & Smith, LLP
200 SW 1st Avenue, Ste. #910
Ft. Lauderdale, FL 33301
954-728-1280
Fax: 954-728-1282
Email: kirsch@lbbslaw.com

**Robert A. Chaney**
Lewis Brisbois Brisgaard & Smith LLP
550 W Adams Street
Suite 300
Chicago, IL 60661
312-345-1718
Fax: 312-345-1778
Email: rchaney@lbbslaw.com 305-377-3770